Baldwin, J.
delivered the opinion of the Court.
The Court is of opinion as follows, to wit: 1. That in an action upon a constable’s official bond, against him or his sureties therein, the receipt of the constable for a debt, claim or execution placed in his hands, is proper evidence to prove the fact that such debt, claim or execution came to his hands, though such receipt does not purport on its face to have been given in his official character. 2. That if such receipt purports upon its face to have been given by the constable in his official character, and six months have elapsed from the date thereof *306 before the commencement of the action, such receipt is prima facie evidence of the receipt of the money by the constable, where the debt, claim or execution was placed in his hands to warrant for, and was such as might have been recovered upon by warrant. 3. That if such receipt of the constable in his official character is for a debt or claim other than an execution, it need not be expressed, but ought to be intended, unless the contrary appears, that it was placed in the constable’s hands to be warranted for, and that it might have been recovered by warrant: but that if the receipt is for an execution, it ought to be intended, unless the contrary appears, that it was placed in his hands, not to be warranted upon, but to be levied according to law. 4. That if such receipt of the constable in his official character appears upon its face to have been given for an execution, in which the relator in the action is not the plaintiff, though he may be equitably entitled to the money; or to have been given for any other debt or claim upon which the relator could not have maintained a warrant in his own name, then the receipt is not admissible evidence to sustain the action of such relator. 5. That if from such receipt of the constable in his official character it does not appear who was the plaintiff in the execution, or in the case of any other debt or claim, who was the creditor entitled to maintain a warrant in his own name, then it should be intended that the person to whom the receipt was given was such plaintiff, or such creditor, unless the contrary appears from the face of the receipt, or other proper evidence. 6. That in the present case all the receipts mentioned in the bill of exceptions sufficiently appear upon their face to have been signed by the constable in his official character,' inasmuch as the initials “ G. P. C.” appended to his name at the bottom of each must, in connection with the body of the receipt, be taken to mean, “ Constable of Pocahontas county.”
*307 It seems, therefore, to the Court, that the objection. taken by the defendants in the action, at the trial, to the introduction of all the receipts in the bill of exceptions mentioned, on the ground that the same were not officially signed and executed by James K. Elliott as constable, was properly overruled by the Circuit Court; but that the objection taken specially to the receipt dated the 8th of February 1833, ought to have been sustained, in relation to all the executions therein mentioned, except that against Brindley and Bradshaw jointly, because it appears, with that exception, that the relator Clarke was not the plaintiff in the executions; and that the objection taken specially to the receipt dated the 7th of September 1833, ought to have been sustained, because it appears that for the debts mentioned therein the relator Clarke could not have maintained a warrant in his own name.
The Court is further of opinion, that the constable is an officer appointed for the whole county, and though he is prohibited by law, under a penalty, from executing warrants and levying executions out of his particular precinct, yet that his official acts in any part of the county are valid, and he and his sureties in his official bond responsible therefor. It therefore seems to the Court, that the Circuit Court properly rejected the evidence offered by the defendants in the action for the purpose of proving that the persons against whom the executions and other debts and claims in the bill of exceptions mentioned were placed in the constable’s hands, resided out of the limits of his precinct.
But the judgment of the Circuit Court being erroneous, because of the admission in evidence to the jury as aforesaid, notwithstanding the objection taken specially thereto, of the said receipts of the 8th of February 1833, and the 7th of September 1833; it is considered by the Court, that the said judgment be reversed and annulled, and that the plaintiffs in error recover against the relator in error their costs by them expended *308 in the prosecution of their writ of error and supersedeas here. And it is further considered, that the verdict of the jurors be set aside, and the cause remanded to the . * Circuit Court for a new trial to be had of the issue between the parties.